Holly SOWELL, Petitioner,

v.

The TULSA COUNTY DISTRICT COURT and the Honorable Leslie Webb and the State of Oklahoma, Respondents.

No. A–13702.

Court of Criminal Appeals of Oklahoma.

July 28, 1965.

Holly Sowell pro se.

No appearance for respondents.

BUSSEY, Presiding Judge.

On the 24th day of May, 1965, Holly Sowell filed in this Court an application for an order of this Court directing preparation of casemade at public expense and appointment of counsel in District Court Case No. 21074.

Thereafter on the 1st day of June, 1965, the respondent, by and through the County Attorney, Mr. David Hall, filed a response with a copy of an order entered by the trial court on the 13th day of May, 1965, the same providing:

"ORDER FOR TRANSCRIPT FORMA PAUPERIS

"This matter comes on for hearing on the Application of the defendant for a case made, transcript and appointment of counsel for appeal, filed by said defendant on the 31st day of March, 1965.

The Court having read said application and also an application requesting the same relief filed April 15, 1965, and having examined the files and appearance docket of this case, finds:

That the defendant Holly Sowell was charged by information with the crime of Burglary in the Second Degree, after the former conviction of a felony, was tried by a jury in the Court of Honorable Leslie Webb, supernumery judge appointed and assigned to this District, was found guilty as charged, and was sentenced on March 5, 1965, in accordance with the jury's verdict to a term of from five to fifteen years in the state penitentiary.

The court further finds that at all times during these proceedings the defendant was represented by counsel of his choice, Mr. 'X' and Mr. 'Y', and the record does not show the withdrawal of either of his attorneys.

The court further finds that nomotion for new trial was filed in this case, but that at the time of sentencing the defendant gave notice of his intention to appeal, but did not request an ex-

tension of time to make, serve and settle case made. Appeal bond in the sum of $15,000. was set by the Court.

The court further finds that neither of said applications were sworn to, but that the latter one was witnessed by two witnesses, and will be considered by the court as though in proper form.

The court finds that the defendant Holly Sowell is a poor person and unable to pay for a casemade or transcript.

The court finds that under the record in this case the defendant is not entitled to a casemade at the county's expense, but is entitled to a transcript at the county's expense.

The court further finds that he has no statutory authority to appoint counsel for the defendant for the purpose of appeal and that said defendant should make application to the Court of Criminal Appeals for the appointment of counsel at the time he files the transcript.

IT IS THEREFORE ORDERED that the Clerk of this Court make and prepare a transcript of the proceedings in this case according to law and furnish the same to the defendant Holly Sowell, at the Oklahoma State Penitentiary, and that said transcript be delivered to said defendant in time that he may file the same with the Clerk of the Court of Criminal Appeals of the State of Oklahoma within three months from the 5th day of March, 1965 or by June 6, 1965.

Done in open court this 13th day of May, 1965.

/s/ W. Lee Johnson

JUDGE OF THE
DISTRICT COURT"

■ It appearing that neither the defendant nor counsel for defendant having filed a motion for new trial prior to the rendition of the judgment and sentence, and it further appearing that petitioner's request for casemade at public expense was not timely filed within the original time within which the same could have been made, served and settled or any valid extension thereof, we are of the opinion that the trial court correctly denied the preparation of casemade at public expense and properly ordered the preparation of the transcript.

■ We are of the further opinion that the petitioner is entitled to appointment of counsel and the Presiding Judge of the 14th Judicial District is directed to enter an order appointing counsel to represent said petitioner on appeal from the judgment and sentence rendered in District Court Case No. 21074 to the Court of Criminal Appeals, said counsel shall have until the 5th day of September, 1965 to perfect said appeal by petition in error with transcript attached, and thirty (30) days thereafter within which to file a brief in support of said petition in error.

NIX and BRETT, JJ., concur.